IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY LOUIS HUNTER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 20-CV-0367-TCK-JFJ |
| LUKE PETTIGREW, | ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Ricky Louis Hunter, a state inmate appearing *pro se*, seeks federal habeas relief, through a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. 1). Before the Court is Respondent Luke Pettigrew's motion (Dkt. 7) to dismiss the petition for lack of jurisdiction. Having reviewed the petition, Pettigrew's motion and brief in support (Dkt. 8), and Hunter's response (Dkt. 9) in opposition to the motion, and for the reasons that follow, the Court finds that the petition is an unauthorized second § 2254 petition, grants Pettigrew's dismissal motion, and dismisses the petition, without prejudice, for lack of jurisdiction.

I.

Hunter brings this action to challenge his custody under the judgment and sentence entered against him in the District Court of Craig County, Case No. CF-2006-37. Dkt. 1, Pet., at 1. Hunter first sought federal habeas relief from this same judgment and sentence through a § 2254 petition, filed July 10, 2017. Dkt. 8-1, Op. & Order, at 1, 3; *see Hunter v. Bear*, No. 17-CV-402-CVE-FHM, 2018 WL 3638090 (N.D. Okla. 2018) (unpublished). On July 31, 2018, this court dismissed Hunter's prior § 2254 petition, with prejudice, finding that the petition was untimely and that the claims raised therein were thus barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.

Dkt. 8-1, Op & Order, at 13.[1]  Hunter timely appealed from the dismissal of his prior § 2254 petition, and the United States Court of Appeals for the Tenth Circuit dismissed the appeal for lack of prosecution on October 31, 2018.  *Hunter v. Bear*, No. 17-CV-402-CVE-FHM, 2018 WL 7247237 (10th Cir. 2018) (unpublished).

Hunter filed the instant § 2254 petition on July 28, 2020, seeking federal habeas relief on three grounds.  He claims (1) the State of Oklahoma lacked jurisdiction over his criminal prosecution, in light of the United States Supreme Court's ruling in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), because he committed his crimes in Indian country, (2) he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, as interpreted in *Strickland v. Washington*, 466 U.S. 668, (1984), and (3) he was prosecuted or sentenced twice for substantially the same offense, in violation of his Fifth Amendment right to be free from double jeopardy.  Dkt. 1, Pet., at 4-7, 15.

On September 10, 2020, Hunter filed a motion for authorization, seeking permission from the Tenth Circuit to file a second or successive § 2254 petition.  Dkt. 8-2, Mot. for Authorization, at 1; *see* 28 U.S.C. § 2244(b)(3)(A) (requiring petitioner to obtain authorization from court of appeals before filing second or successive § 2254 petition in district court).  The Tenth Circuit denied the motion on October 22, 2020.  *See* Dkt. 21, *Hunter v. Bear*, N.D. Okla. Case No. 17-CV-402-CVE-FHM.  According to the Tenth Circuit's order, Hunter sought authorization to assert a claim that his counsel was ineffective for failing to challenge the state court's jurisdiction because the offenses underlying his conviction were committed in Indian country.  *See* Dkt. 21, *Hunter v.*

---

[1] The court also noted that while Hunter appeared to identify four grounds for habeas relief in his prior § 2254 petition, it was difficult to determine whether any of the claims he identified presented cognizable habeas claims.  Dkt. 8-1, Op. & Order, at 13-14 n.7.  The court thus concluded that even if Hunter could overcome the untimeliness of his claims, he would not be entitled to federal habeas relief.  Dkt. 8-1, Op. & Order, at 13-14 n.7.

*Bear*, N.D. Okla. Case No. 17-CV-402-CVE-FHM.

Pettigrew seeks dismissal of the instant § 2254 petition, arguing that the petition is Hunter's second § 2254 petition challenging his custody under the judgment and sentence entered against him in Craig County District Court Case No. CF-2006-37 and that the petition must be dismissed for lack of jurisdiction because Hunter did not obtain permission from the Tenth Circuit to file a second or successive § 2254 petition, as required by 28 U.S.C. § 2244(b)(3)(A).  Dkt. 8, Resp't's Br., at 2-4.[2]

## II.

Under 28 U.S.C. § 2244(b), a federal district court must dismiss claims asserted in a second or successive § 2254 petition if those claims were "presented in a prior application."  28 U.S.C. § 2244(b)(1).  In limited circumstances, the district court may consider claims presented in a second or successive § 2254 petition if those claims were not presented in a prior petition.  28 U.S.C. § 2244(b)(2).  However, before a state prisoner files a second or successive § 2254 petition in federal district court, the prisoner must first file a motion "in the appropriate court of appeals for an order authorizing the district court to consider" the second or successive § 2254 petition.  28 U.S.C. § 2244(b)(3)(A).  If the court of appeals authorizes the filing of a second or successive § 2254 petition, the district court must then apply § 2244(b) to determine whether the individual claims asserted in the petition must be dismissed or may be entertained.  *Case v. Hatch*, 731 F.3d 1015, 1026-27 (10th Cir. 2013).

The claims Hunter asserts in the instant § 2254 petition appear to be different from those

---

[2] Pettigrew submitted a copy of the motion for authorization (Dkt. 8-2) with his dismissal motion, but noted that the Tenth Circuit had not ruled on the motion as of October 9, 2020, when the dismissal motion was filed.  Dkt. 8, Resp't's Br., at 3 n.3.  The Tenth Circuit issued its order denying Hunter's motion for authorization on October 22, 2020.

he asserted in his prior § 2254 petition. *See* Dkt. 1, Pet., at 4-7, 15; Dkt. 8-1, Op. & Order, at 13-14 n.7. Nevertheless, because his newly-asserted claims challenge the validity of the same judgment and sentence he challenged in his prior § 2254 petition, the Court finds that the instant § 2254 petition is a second § 2254 petition subject to § 2244(b)'s requirements. *Compare Burton v. Stewart*, 549 U.S. 147, 153 (2007) (concluding second-in-time habeas petition was second or successive under 28 U.S.C. § 2244(b) because state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court"), *with Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (explaining that "where, unlike in *Burton*, there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all" (quoting *Burton*, 549 U.S. at 156)).

Hunter was therefore required to obtain authorization from the Tenth Circuit before he filed the instant § 2254 petition. 28 U.S.C. § 2244(b)(3)(A). As previously discussed, Hunter filed a motion for authorization in the Tenth Circuit in September 2020, seeking permission to file a second or successive § 2254 petition. Dkt. 8-2, Mot. for Authorization, at 1. The Tenth Circuit construed the motion as seeking leave to file a § 2254 petition asserting roughly the claims he appears to identify in grounds one and two of the instant § 2254 petition. *See* Dkt. 21, *Hunter v. Bear*, N.D. Okla. Case No. 17-CV-402-CVE-FHM. But the Tenth Circuit denied his motion. *See* Dkt. 21, *Hunter v. Bear*, N.D. Okla. Case No. 17-CV-402-CVE-FHM.

Because Hunter did not obtain the requisite permission to file a second § 2254 petition challenging the judgment and sentence entered against him in Craig County District Court Case No. CF-2006-37, the Court finds that the instant § 2254 petition is an unauthorized second § 2254 habeas petition that must be dismissed, without prejudice, for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to

address the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required authorization.").³ Further, because the Court finds that reasonable jurists would not debate the procedural dismissal of the instant § 2254 petition, the Court declines to issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. 7) is **granted**.

2. The petition for writ of habeas corpus (Dkt. 1) is an unauthorized second § 2254 petition and is **dismissed without prejudice** for lack of jurisdiction.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 2nd day of April 2021.

TERENCE C. KERN
United States District Judge

---

³ In his response to the dismissal motion, Hunter asserts that he does not need authorization to file a second § 2254 petition because his ground one claim alleges that the state of Oklahoma lacked subject-matter jurisdiction over his criminal prosecution and "issues of subject matter jurisdiction are never waived." Dkt. 9, Resp., at 1-3. But the plain language of 28 U.S.C. § 2244(b) makes no exception for claims asserted in a second or successive § 2254 petition that allege a state court lacked subject-matter jurisdiction. Because Hunter did not obtain permission from the Tenth Circuit to file a second or successive § 2254 petition, as required by § 2244(b)(3)(A), this Court lacks jurisdiction to consider any claims raised in the instant § 2254 petition, regardless of whether any of those claims may ultimately have merit or may be barred on procedural grounds.